JUANA JOVITA PASTRANA ET AL., Plaintiffs and Appellants, *v.* CENTRAL PASTO VIEJO, INC., Defendant and Appellee.

No. 3844. Argued March 14, 1928.—Decided April 5, 1929.

*Arturo Aponte Jr.* for the appellants. *Henry G. Molina* and *Francisco González* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao in an injunction proceeding to recover possession.

The plaintiffs allege that they are the owners of a property in the ward of Río Abajo of Humacao and that on October 2, 1922, the defendant deprived them of the possession of three parcels of land included in that property. The defendant alleged in its answer that the plaintiffs were not

in possession of the property and that it had not deprived them of the possession of any land.

The case was tried and the court rendered judgment dismissing the complaint. This is an appeal from that judgment.

Three errors are assigned by the appellants and the first assignment is as follows:

"The District Court of Humacao erred in admitting a certain document in evidence."

The document referred to by the appellants is an affidavit signed by Susano Dávila before notary Luis Toro Cabañas on April 27, 1923, and appears on pages 142 to 145 of the transcript. The affiant relates therein that he was called by Arturo Aponte to survey a parcel of land in Santa Teresa of Humacao and that he went to the place and made the survey, stating the results thereof and the segregation made by him of two acres of land which were delivered to Saturnino Matos.

It results from the transcript that the affidavit was presented as rebuttal. No evidence was offered which would give the adverse party an opportunity to examine it, but the affidavit was presented. The plaintiffs objected to the admission of that evidence as impertinent and because it was not a formal deposition nor the examination of a witness with an opportunity for cross-examination. The court admitted the document and the plaintiffs excepted.

As the appellants now contend that the affidavit was signed seven months before the trial, we have looked up the statement of the case and see from it (page 32 of the record) that the case went to trial on November 23, 1923. It is observed also that the affidavit shows the affiant to be a resident of Humacao.

Undoubtedly, and in accordance with the spirit of section 20 of the Law of Evidence wherein it is prescribed that a witness can be heard only upon oath or affirmation and in

the presence and subject to the examination of the parties, an affidavit should be admitted as testimony only in exceptional cases and as provided by statute, for that would prevent the exercise of the right to cross-examine the affiant. The practice of admitting such testimony would constitute grave danger in trials and a contravention of the rights of the litigants. That danger and contravention are not attenuated by the use of a procedure which we can not accept as good, such as the admission of the evidence with the reservation of finally considering it or not or of giving it the proper value. This is not an acceptable practice. The judge who presides at the trial of a case must be disposed to decide at once the problems of procedure and evidence that arise and whose immediate solution will determine the course to be followed by the parties.

However, the affidavit in question has little or no importance in the determination of an injunction to recover possession. In the case before us we may say that it has had none, and therefore the error committed by the court is not sufficient in this appeal to justify a reversal.

The second assignment reads as follows:

"The trial court erred in holding that the plaintiffs have no right to an injunction because of the confusion in the southern boundary. In this respect we maintain that the judgment is contrary to the law and the evidence."

The third assignment reads as follows:

"The court a quo erred in holding that the plaintiffs had no right to be protected in the possession of the property by means of an injunction. In this respect we allege also that the judgment is contrary to the law and the evidence."

The complaint in the present action is based on the claim that the plaintiffs are the owners of a certain property and that the defendant has taken forcibly by putting up fences three parcels of land of the said property, which are described as one strip of land on the north boundary and two others on the south and west boundaries.

The answer denies the essential facts and alleges that the defendant enclosed by means of a fence a portion of its property Santa Teresa without taking for that purpose any property or part of property of the plaintiffs.

The issue here refers to the possession of several strips of land.

The following is from the opinion:

"There is a confusion in regard to the parcels belonging to plaintiffs Juana Jovita, Emilia, Angela and Joaquín Rafael Pastrana and Saturnino Matos, notwithstanding the description given of the two acres belonging to Matos in the deed of October 2, 1917, and the statement contained in the deed of April 2, 1921, to the effect that they had been segregated, because no segregation has been made from the rest of the Pastrana property, as testified by Saturnino Matos himself. This court likewise holds that the land of the Pastrana property which includes the two acres of Saturnino Matos is confused with the land of defendant Central Pasto Viejo, Inc., because the properties have not been properly surveyed and the boundaries established by the parties."

In reality the fundamental basis of the judgment is found here, although somewhat hazily stated. The burden was on the plaintiffs to prove which was the property whose possession was involved, and in the opinion of the district judge they did not prove it since it is held that the properties of the plaintiffs and of the defendant were confounded, that is, that it can not be determined which is the part belonging to each of the parties. The district judge did not credit the testimony of Perfecto Rodríguez and others, as shown by his decision of the case. We have examined the evidence and do not find that any manifest error was committed by the district judge or that he was influenced by passion, prejudice or partiality.

We find in the opinion of the trial judge a matter that should be considered in this decision. The judge says:

"In view of this situation it seems proper that the parties, by friendly agreement or by judicial proceeding, should have a survey

of their properties made so as to set up a real boundary line between their properties.''

We do not agree with the district judge. This is a case of a possessory injunction and the judgment should refer to the existence of the possession and to the acts of disturbance or dispossession, and the opinion should be confined to those particulars. Any advice to the parties regarding other proceedings is risky and may bring about in a future case consequences impossible to foresee if that advice is followed.

The second assignment of error is without merit, and for the same reason, that is, for failure to prove the essential fact of possession, the error assigned under number three was not committed.

The judgment appealed from must be affirmed.